CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

DEC 3 0 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES OLIVER HOLBROOK, JR.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:08-cv-00637** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DANVILLE CITY JAIL,** | ) | **By: Hon. Glen E. Conrad** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff James Oliver Holbrook, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his brief complaint, Holbrook alleges that he "fell from a top bunk that has no ladder to the ground and injured [his] back. [He] was taken to the hospital and the jail is charging [him]." As relief, he seeks "payment of medical bills and compensation for his pain and suffering." Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, plaintiff cannot maintain his action against the Danville City Jail, since local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The jail is the only defendant Holbrook has named. While the court could allow him an opportunity to amend his complaint to

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

name other individuals as defendants, such a course of action is not necessary, because his allegations fail to state any § 1983 claim against anyone.

The Eighth Amendment protects prisoners from cruel and unusual living conditions.[2] Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, the plaintiff must show that (1) he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), and (2) that the defendant officials acted with deliberate indifference toward the risk of harm posed by the conditions. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To prove deliberate indifference by an official, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew such an inference, and that he failed to take "reasonable measures" to alleviate the risk. Id. at 832-37. Mere negligence by prison officials is not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986).

The court will assume for purposes of this opinion that Holbrook did suffer a serious injury to his back. However, his allegations do not indicate that this injury was caused in any way by the

_____

[2]Holbrook is incarcerated at a local jail, and it is not clear from his pleading whether he is a convicted defendant or a pretrial detainee. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due Process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. Unless the detainee plaintiff can show that officials intended to punish him through conditions of confinement, conditions cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

2

actions or inactions of any jail official. Nor does he allege facts demonstrating that officials must have known that inmates in general, or Holbrook in particular, were likely to be seriously injured while trying to climb up to or down from the top bunk without a ladder. Accordingly, his allegations do not give rise to a finding of deliberate indifference by anyone. At the most, Holbrook suggests that careful jail officials could have devised a safer system. Such allegations of negligence do not state any constitutional claim actionable under § 1983. In any event, Holbrook himself knew that the bed had no ladder to the top bunk and that he needed to take the necessary precautions to prevent himself from being injured. To the extent that Holbrook's complaint seeks to hold any jail personnel liable for his fall and initial injury, the court will dismiss it, pursuant to § 1915A, for failure to state a claim.

To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). While the Constitution requires jail officials to provide inmates with medical care to this extent, the Constitution does not address the question of who should bear the financial burden of providing medical care to inmates. The allocation of the cost of the medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

Holbrook's allegations simply do not state any claim for relief under these constitutional principles. His allegations reflect that after he was injured, jail officials transported him to the hospital for treatment, regardless of his ability to prepay the costs of such treatment. Holbrook has no specific complaint about the appropriateness of treatment. He merely expects to be free from any financial responsibility for the costs. As he does not allege facts indicating any deliberate

3

indifference to his medical needs, however, the court must conclude that plaintiff's allegations do not implicate the Eighth Amendment. Contrary to Holbrook's beliefs, jail officials are not constitutionally prohibited from seeking reimbursement from him for the costs of the medical care provided to him. As the complaint thus states no claim that plaintiff has been deprived of constitutional rights through the jail officials' actions, the court will dismiss the entire complaint, pursuant to § 1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30<sup>d</sup> day of December, 2008.

United States District Judge

4